# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WISEMAN CONSTRUCTION COMPANY, INC.,**
**Employer Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-317     (JCN: 2022016571)**

**KEVIN C. HODGE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wiseman Construction Company, Inc. ("Wiseman") appeals the decision of the Workers' Compensation Board of Review ("Board") dated December 8, 2022, modifying the claim administrator's order and ruling that the claim was compensable for lumbar radiculopathy. Respondent Kevin C. Hodge timely filed a response.[1] Wiseman did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 21, 2022, Mr. Hodge, a carpenter's apprentice and employee of Wiseman, was seen at Cabin Creek Health Systems for injuries he reported were sustained when he fell at work about two and one-half months earlier. Ashley Portz, PA-C, examined Mr. Hodge and noted that he fell thirteen to sixteen feet from a roof onto his tailbone and was experiencing worsening low back pain radiating to his right hip, and upper back pain radiating to his right scapula. Ms. Portz assessed Mr. Hodge with low back pain, lumbar radiculopathy, and thoracic back pain.

On January 27, 2022, Ms. Portz and Mr. Hodge completed an Employee's and Physicians' Report of Injury form. Mr. Hodge asserted that on November 2, 2021, he suffered a workplace injury involving his low back, middle back, hip, and thigh. Also, Mr. Hodge reported that he stopped working due to being laid off in December of 2021. Ms. Portz described the injury as lumbar radiculopathy, and also noted injuries to Mr. Hodge's middle back, lower back, right hip, and right thigh that were a direct result of an occupational injury.

---

[1] Wiseman is represented by Jillian L. Moore, Esq. and Steven K. Wellman, Esq. Mr. Hodge is represented by G. Patrick Jacobs, Esq.

Randall Short, D.O., issued a Physician Review dated February 15, 2022, in which he opined that the alleged work injury on November 2, 2021, was not supported by the medical records. Dr. Short focused on what he felt was a failure to timely report the injury to the employer or a medical provider. On February 18, 2022, the claim administrator rejected the claim finding that it did not appear that a personal injury was sustained. However, the claim administrator authorized payment of Mr. Hodge's medical expenses associated with the evaluation of the reported event. Mr. Hodge protested the order to the Board.

In May of 2022, Mr. Hodge testified via deposition that he was injured on November 2, 2021, while working for Wiseman. According to Mr. Hodge, he stepped on a piece of rotted sheet metal roofing and fell from one part of a roof to another, a distance of approximately thirteen feet, landing on his tailbone and back. Mr. Hodge testified that his union supervisor, Ryder Gray, was working on the same project and witnessed the accident. Further, Mr. Hodge explained that he completed his shift the day of the accident and continued to work thereafter due to fear of reprimand for filing a workers' compensation claim. In his testimony, he also admitted that no accident report was completed on that day, but he noted that a report was completed around January 4, 2022. Mr. Hodge asserted that he first saw a doctor in late January of 2022, and he testified that he experienced pain, swelling, and numbness after the injury. Mr. Hodge further acknowledged that he was laid off in December of 2021 due to a lack of work.

Nikki Wiseman-Sydnor, the secretary/treasurer for Wiseman, signed an affidavit in August of 2022 stating that Mr. Hodge did not report an injury to his supervisor or any member of management on November 2, 2021. She further averred that after the alleged injury, Mr. Hodge continued to perform all assigned duties until he was laid off in December of 2021. Subsequently, Ms. Wiseman-Sydnor authored a second affidavit clarifying that in early January of 2022, Mr. Gray mentioned Mr. Hodge's alleged accident whereupon Mr. Gray was informed that an incident report was required. Ms. Wiseman-Sydnor further noted that she provided Mr. Hodge with low earnings slips through January of 2022, and that he was aware that the slips were only available if he was willing and able to work.

Text messages between Mr. Hodge and Mr. Gray dated January 6, 2022, reflect conversations about whether an accident report had been completed. Mr. Gray indicated that he believed the accident had occurred on November 2, 2021. In an incident report dated November 2, 2021, Mr. Gray reported that Mr. Hodge suffered back pain after falling off a roof on November 2, 2021.[2]

---

[2] Mr. Hodge testified that this report was not completed until January of 2022.

On December 8, 2022, the Board reversed the claim administrator's order and held Mr. Hodge's claim compensable for lumbar radiculopathy. The Board relied upon Mr. Hodge's deposition, the text messages between Mr. Hodge and Mr. Gray, and the injury report. The Board noted that West Virginia Code § 23-4-1c(a)(2)(B) (2009)[3] required it to consider whether a notice of layoff was given within sixty days of the filing of the claim and that West Virginia Code of State Rules § 85-1-3.1 (2009)[4] required the prompt reporting of work injuries. However, the Board found that neither the statute nor the rule precluded a finding of compensability when the evidence established the credibility of the claim. The Board found that Mr. Hodge fell from one part of a roof to another while

---

[3] West Virginia Code § 23-4-1c(a) provides, in part, as follows:

(2) In making a determination regarding the compensability of a newly filed claim . . . the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, shall consider the date of the filing of the claim for benefits for a determination of the following:

. . .

(B) Whether the claimant received notice within sixty days of the filing that his or her employment position was to be eliminated, including, but not limited to, the claimant's worksite, a layoff or the elimination of the claimant's employment position;

. . .

(D) In the event of an affirmative finding upon any of these four factors, the finding shall be given probative weight in the overall determination of the compensability of the claim or of the merits of the reopening request.

[4] West Virginia Code of State Rules § 85-1-3.1 provides, in part, as follows:

Immediately after sustaining an occupational injury, a claimant should 1) seek necessary medical care; 2) immediately on the occurrence of the injury or as soon as practicable thereafter give or cause to be given to the employer or any of the employer's agents a written notice of the occurrence of the injury; and 3) file a workers' compensation claim … Failure to immediately give notice to the employer of the injury weighs against a finding of compensability in the weighing of the evidence mandated by W. Va. Code § 23-4-1g and dilutes the credibility and reliability of the claim. Notice provided to the employer within two (2) working days of the injury shall be deemed immediate notice: *Provided*, That under no circumstances shall the fact that notice of an occupational injury was provided by the claimant later than two (2) working days from the time of the injury be the sole basis for denial of a claim.

working for Wiseman on November 2, 2021, and sustained an injury for which he timely filed a workers' compensation claim.[5] Wiseman now appeals. By order entered on January 27, 2023, this Court granted Wiseman's motion to stay the Board's order pending the outcome of this appeal.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Wiseman argues that the Board failed to give the statutorily required probative weight to the fact that Mr. Hodge did not file a workers' compensation claim until after he was laid off from work. Further, Wiseman argues that the Board failed to afford any weight to Mr. Hodge's failure to comply with the requirement in West Virginia Code of State Rules § 85-1-3.1 to seek medical care and notify the employer immediately. Moreover, Wiseman argued that Mr. Hodge continued to receive low earning slips from the employer, which were only available if he was willing and able to work. Thus, Wiseman asserts that it was inconsistent for Mr. Hodge to allege he was unable to work due to an injury.

In response, Mr. Hodge asserts that the Board did not err in holding the claim compensable. Mr. Hodge contends that the Board considered Wiseman's arguments when it determined an injury occurred in the course of and resulting from his employment on November 2, 2021. Referencing his deposition testimony, Mr. Hodge argues that he did

---

[5] West Virginia Code § 23-4-15(a) (2010) allows for the filing of a workers' compensation claim up to six months after the date of the injury.

not report the incident in November of 2021 because he was scared of being reprimanded, a common concern among young workers, and that he tried to keep working, which should be applauded rather than punished.

Upon review, we find no error in the Board's conclusions. Although the Board could have provided more analysis in its order, it appears that the Board applied probative weight to Mr. Hodge's lay-off notice and weighed Mr. Hodge's delay in seeking medical treatment. As the Board found, neither West Virginia Code § 23-4-1c(a)(2)(B) nor West Virginia Code of State Rules § 85-1-3.1 preclude a holding of compensability here because the evidence established the credibility of the claim.

Accordingly, we affirm the Board's December 8, 2022, order and vacate the stay granted by this Court on January 27, 2023.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating

5